# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

VICTOR ROBINSON,

    Plaintiff,

v.

JOLINDA WATERMAN, TYLER RUDIE, JAMES FINNELL, GILBERT TAFOYA, SONYA ANDERSON, ROSE GROSCHOWSKI, and LUCAS STOWELL,

    Defendants.

Case No. 18-CV-1117-JPS

**ORDER**

Plaintiff, a prisoner proceeding *pro se*, brought this civil rights action alleging that Defendants gave him the wrong medication, which resulted in him falling and hitting his head. Plaintiff was allowed to proceed on a constitutional claim of improper medical care against two of the defendants, and a state law negligence claim against the others. (Docket #11 and #28). On May 21, 2019, Defendants filed a motion for summary judgment seeking dismissal of the entire action. (Docket #31). Plaintiff did not respond to Defendants' motion. Rather, Defendant filed a few documents related to discovery and a brief that appeared to be Plaintiff's own bid for summary judgment, along with his own proposed facts. (Docket #39, #41, #42, and #43). Plaintiff did not respond to Defendants' statement of facts or to the arguments in their brief.

On January 17, 2020, the Court granted Defendants' summary judgment motion for two reasons. (Docket #47). First, the Court found that Plaintiff's failure to respond to Defendants' motion was a sufficient ground,

standing alone, to grant the motion. Civ. L. R. 7(d). Second, without a response from Plaintiff, the Court deemed Defendants' proposed facts undisputed. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4). Those facts, and the legal arguments in Defendants' brief, entitled them to summary judgment.

Now before the Court is Plaintiff's motion to alter the judgment under Federal Rule of Civil Procedure 59(e), filed on February 10, 2020. (Docket #49). Relief under Rule 59(e) requires that the movant clearly establish "(1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Insurance Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). A manifest error of law "is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (quotation and internal marks omitted). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." *In re Prince*, 85 F.3d 314, 324 (7th Cir. 1996).

Plaintiff argues that the Court was wrong to consider Defendants' summary judgment motion as unopposed. Instead, the Court should have construed Plaintiff's motion for summary judgment, filed after Defendants' motion, as his opposition to Defendants' motion. (Docket #49 at 2–3). He also confesses that it was an error for him not to respond to Defendants' motion, explaining that he did not know at the time that he needed to respond. *Id.* at 2. Finally, Plaintiff also makes vague references to a "clerical error," saying that Defendant Sonya Anderson should not have been in the case, but someone else named Angela Drone should have been. *Id.* at 2–3.

Plaintiff's Rule 59(e) motion will be denied. The Court was well within its authority to deem Defendants' summary judgment submission unopposed because Plaintiff failed to file a response. Though the Court is

required to liberally construe a *pro se* plaintiff's filings, it cannot act as his lawyer, and it cannot delve through the record to find favorable evidence for him. Thus, the Court was entitled to enforce the local rules against Plaintiff, deeming Defendant's facts undisputed for purposes of deciding their motion for summary judgment. *See* Fed. R. Civ. P. 56(e); Civ. L. R. 56(b)(4); *Hill v. Thalacker*, 210 F. App'x 513, 515 (7th Cir. 2006) (noting that district courts have discretion to enforce procedural rules against *pro se* litigants). Finally, as to Plaintiff's reference to a defendant he believed should have been in the case, Plaintiff should have sued Angela Drone, or moved to amend his complaint to add her as a defendant, if he believed she caused his injury. This failure was not a "clerical error," and it does not entitle Plaintiff to relief under Rule 59(e).

Accordingly,

**IT IS ORDERED** that Plaintiff's motion to alter the judgment (Docket #49) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 12th day of February, 2020.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge